NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHIMYERE McCALL; MONROE McCALL,

Plaintiffs-Appellees,

v.

DAMON CHARLES WILLIAMS,

Defendant-Appellant,

ZENE WILLIAMS,

Counter-claimant-Appellant.

No. 21-15638

D.C. No. 2:19-cv-05126-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Damon Charles Williams and Zene Williams appeal pro se from the district

court's judgment in Chimyere and Monroe McCall's diversity action.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on plaintiffs' declaratory relief claim because the debt underlying the liens had been discharged in bankruptcy. *See In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005) ("A Chapter 7 bankruptcy discharge releases the debtor from personal liability for her pre-bankruptcy debts.").

The district court properly granted summary judgment on plaintiffs' wrongful lien claim as to the May 30, 2019 lien because defendants knew or had reason to know that the May 30, 2019 lien was groundless. *See* Ariz. Rev. Stat. § 33-420(A) (authorizing special action on the ground that a lien against real property is groundless or otherwise invalid); *Webber v. Grindle Audio Prods., Inc.*, 60 P.3d 224, 230 (Ariz. Ct. App. 2002) (upholding liability under § 33-420(A) for recording judgment liens when creditor knew that the judgment had been discharged in bankruptcy).

We reject as without merit defendants' contentions that the district court was biased.

**AFFIRMED.**